[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

**FILED**

**U.S. COURT OF APPEALS**
**ELEVENTH CIRCUIT**
**August 23, 2005**
**THOMAS  K. KAHN**
**CLERK**

No. 04-15937
Non-Argument Calendar
_____

Agency Nos. A96-001-346 and A96-001-347

LADY JOANNE FERNANDEZ REINA,
ALFONSO FERNANDEZ REINA,

Petitioners,

versus

U.S. ATTORNEY GENERAL,

Respondent.


_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

**(August 23, 2005)**

Before BARKETT, HULL and WILSON, Circuit Judges.

PER CURIAM:

Lady Joanne Fernandez-Reina and Alfonso Fernandez-Reina ( "the

petitioners"), through counsel, petition for review of the Board of Immigration

Appeals' ("BIA's") affirmance of the immigration judge's ("IJ's") order denying asylum, withholding of removal, and protection under the United Nations Convention Against Torture and Other Cruel, Inhuman, or Degrading Treatment or Punishment ("CAT"), 8 C.F.R. 208.16(c). On appeal, the petitioners argue that, contrary to the IJ's finding, they were persecuted on account of a protected ground, as their refusal to support and pay money to the Revolutionary Armed Forces of Colombia ("FARC") "was akin to making a political statement."

We review the IJ's decision in this case, not the BIA's, because the BIA affirmed the IJ's decision without an opinion, thereby making the IJ's decision the final agency determination. [1] See Mendoza v. U.S. Attorney. Gen., 327 F.3d 1283, 1284 n.1 (11th Cir. 2003). The IJ's factual determination that an alien is not entitled to asylum "must be upheld if it is supported by substantial evidence." Mazariegos v. U.S. Attorney Gen., 241 F.3d 1320, 1323 (11th Cir. 2001). Under this standard of review, a denial of asylum may be reversed only if the evidence would compel a reasonable factfinder to find that the requisite fear of persecution exists. INS v. Elias-Zacarias, 502 U.S. 478, 481 n.1, 112 S.Ct. 812, 815 n.1, 117 L.Ed.2d 38 (1992). Likewise, the IJ's factual determination that an alien is not

---

[1] We reject petitioners' argument that "[t]he BIA's one sentence affirmation of the decision of the IJ . . . [was] a clear indication that it did not properly review and consider the proceedings below by applying the correct law to the facts and evidence of [their] case," and thus, denied them due process.

entitled to withholding of removal must be upheld if it is supported by substantial evidence Najjar v. Ashcroft, 257 F.3d 1262, 1284 (11th Cir. 2001).

Having reviewed the record and briefs of the parties, we find that substantial evidence supports the IJ's decision denying asylum, as the petitioners failed to establish that they were persecuted on account of a protected ground, and thus, the petition for asylum must be denied. Because the petitioners failed to establish a well-founded fear of persecution sufficient to support their asylum claim, they could not establish that they were eligible for withholding of removal under the INA, which requires a greater burden of proof. Thus, the petition for withholding of removal is also denied. [2] Najjar, 257 F.3d at 1303-04.

**PETITION DENIED.**

---

[2] Petitioners also failed to present any evidence that the alleged harm that they suffered was "inflicted at the instigation of or with the consent or acquiescence of a public official," or that, if they were to return to Colombia, it is "more likely than not" that they will be tortured with the "consent or acquiescence of a public official," they did not establish eligibility for CAT relief.